IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-194-BR

AUGUSTINE R. THOMPSON,
    Plaintiff,

v.

PAMELA HANSON, Clerk of Superior Court
of Carteret County,
    Defendant.

ORDER

This matter comes before the court on defendant Pamela Hanson's motion to dismiss. (DE # 10.) Plaintiff Augustine Thompson has filed a response to the motion. (DE # 15.)

## I. BACKGROUND

*Pro se* plaintiff Augustine Thompson ("Thompson") initiated this proceeding by filing an application to proceed *in forma pauperis*, which the court allowed on 23 May 2014. (DE ## 1, 3.) She alleges that defendant Pamela Hanson ("Hanson"), Clerk of Superior Court for Carteret County, North Carolina, fired her from her job as Deputy Clerk of Court based on her race and "in retaliation for opposing unlawful practices in violation of Title VII . . . ." (Compl., DE # 4, at 3.)

Hanson seeks dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(5), and (b)(6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (DE # 11.)

## II. LEGAL STANDARD

A plaintiff bears the burden of showing that the service of process complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. Elkins v. Broome, 213

F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(j)(2) of the Federal Rules of Civil Procedure outlines the requirements for effectuating service on a state or local government. The rule requires that "[a] state . . . be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." In turn, North Carolina Rule of Civil Procedure 4(j)(4) provides that service may be made upon a state agency by delivery of process to that agency's designated process agent[1] or, absent designation of an agent, to the Attorney General of North Carolina.[2]

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a court may dismiss an action for insufficient process of service. However, "[d]ismissal under Rule 12(b)(5) is 'not justified where it appears that service can be properly made.'" Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 527 (M.D.N.C. 1996) (quoting Coastal Neuro-Psychiatric Assoc. V. Onslow Cnty. Hosp. Auth., 607 F.Supp. 49, 50 (E.D.N.C. 1985)).

When service of process is deficient, dismissal may also be proper under Rule 12(b)(2)

---

[1] The North Carolina Department of Justice's process agent directory can be accessed at http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx.

[2] North Carolina Rule of Civil Procedure 4(j)(4)(d) states that the term "agency of the State" encompasses an "officer of the State government."

2

Case 4:13-cv-00194-BR   Document 17   Filed 11/07/14   Page 2 of 5

for lack of personal jurisdiction.  See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("Since there was no valid service of process, the district court was without jurisdiction of the defendant . . . .").

A court may dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim if the complaint does not contain enough factual allegations to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In evaluating a motion to dismiss under Rule 12(b)(6), the court must take all the factual allegations in the complaint as true, but legal conclusions and conclusory allegations need not be accepted as true if not supported by sufficient factual allegations.  Id. at 678.

### III.  DISCUSSION

**A.  Insufficient service of process**

In her complaint, Thompson does not make clear whether she is bringing this action against Hanson in her individual or official capacity.  (DE # 4.)  However, giving due consideration to liberal pleading standards afforded to *pro se* plaintiffs, the court will presume that Thompson is suing Hanson in her official capacity only, see Wyatt v. Steidel, No. 3:14-cv-64, 2014 WL 3945864, at *1 (E.D. Va. Aug. 12, 2014) (assuming *pro se* plaintiff brought Title VII action against defendant in his official capacity), as Title VII does not provide for individual capacity liability, see Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (supervisors are not "employers" under Title VII, and, thus, not amenable to suit in their individual capacities); see also Bryant v. Locklear, 947 F.Supp. 915, 918 (E.D.N.C. 1996) ("[I]ndividual capacity suits may not be maintained under Title VII . . . where the personnel decisions at issue are of a plainly delegable character.").

3

A suit against a state officer in her official capacity is tantamount to a suit against the state itself.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the office.  As such, it is no different from a suit against the State itself." (internal citation omitted)).  As Clerk of Superior Court for Carteret County, Hanson is a judicial officer of the Superior Court Division of the General Court of Justice, North Carolina Administrative Office of the Courts.  N.C. Const. art. IV, §§ 2, 9, 15; N.C. Gen. Stat. §§ 7A-4, 7A-40.  Thus, Rule 4(j) of the Federal Rules of Civil procedure, outlined above, governs the service of process.

Thompson has not effectuated proper service of process because she addressed the summons and complaint to Hanson at her courthouse office.  (DE # 7.)  This is not one of the permissible methods of serving a state official as set out in Federal Rule of Civil Procedure 4(j)(2) and, in turn, North Carolina Rule of Civil Procedure 4(j)(4).  At this point, however, the court will not dismiss the suit based on the insufficient service of process.  Thompson made a good faith effort to effectuate service and defendant would not suffer any prejudice by allowing Thompson an opportunity to obtain a new summons and properly serve the defendant.

**B. Failure to state a claim for relief**

Hanson urges the court to dismiss Thompson's claim pursuant to Rule 12(b)(6) for failure to state a claim.  In her complaint, Thompson states that she began working as a Deputy Clerk in 2003.  (DE # 4, at 3.)  Beginning in March of 2011, she alleges that she was harassed by Hanson and Deputy Clerk Joy Gillikin and "denied training that was provided to [her] replacement."  (Id.)  Thompson states that she was discharged in June of 2012.  (Id.)  She goes on to claim, "I believe I was discriminated against based on my race (black) and in retaliation for opposing

4

unlawful practices in violation of Title VII . . . ." (Id. at 3.) In her response to defendant's motion to dismiss, Thompson "alleges she suffered a reduction in responsibilities, a hostile work environment and retaliatory termination . . . ." (DE # 15, at 2.)

Thompson has proffered a host of legal conclusions without adequate factual allegations to support them. Nevertheless, the court will afford her an opportunity to amend her complaint in order to comply with the pleading standards outlined above.

## IV. CONCLUSION

Based on the foregoing, Hanson's motion to dismiss is DENIED WITHOUT PREJUDICE. Within 30 days, Thompson is DIRECTED to file an amended complaint setting forth in greater detail the facts supporting her Title VII claims. Also within 30 days, Thompson is DIRECTED to submit to the Clerk for issuance a properly completed summons for Hanson in her official capacity as a state officer. Plaintiff is advised to consult Rule 4(j)(2) of the Federal Rules of Civil Procedure and the applicable North Carolina Rules of Civil Procedure for the requirements for properly serving the state. After the Clerk issues the summons, the U.S. Marshal is DIRECTED to make service of the summons and amended complaint.

This 7 November 2014.

_____
W. Earl Britt
Senior U.S. District Judge